**INDEPENDENT AIR, INC., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, Respondents.**

**No. 84–8995.**

United States Court of Appeals, Eleventh Circuit.

July 26, 1985.

Robert R. Smith, Atlanta, Ga., for Independent Air, Inc.

Albert L. Kemp, Asst. U.S. Atty., Atlanta, Ga., Anne S. Almy, William B. Lazarus, Dept. of Justice, Washington, D.C., for Dept. of Transp.

Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

Petitioner Independent Air, Inc. (Independent Air) filed this petition to review the Federal Aviation Administration's (FAA) denial of its petition for an exemption from 14 C.F.R. § 91.303 (1985), a regulation setting a January 1, 1985 date for compliance with noise level standards imposed on subsonic turbojet airplanes engaged in commercial operations.[1] We vacate the agency's denial of an exemption to Independent Air and remand for further proceedings.

Independent Air is an Atlanta, Georgia based air carrier engaged in passenger service since 1970. Its fleet of planes consisted of two Boeing 720s purchased in the 1970s and two Boeing 707–331B jet aircraft, one purchased in 1983 and the other in early 1984. None of the aircraft meet FAA noise level standards. From 1970 to August, 1984, the carrier operated under a certificate of authority restricting its activities to providing service to the Atlanta Skylarks Club, a vacation travel club. On August 14, 1984, it received authority from the Civil Aeronautics Board to engage in scheduled air service.

On March 27, 1984, Independent Air petitioned the FAA for an exemption from the January 1, 1985 deadline. In an order dated June 22, 1984, the FAA denied the petition, finding that it would be unfair to airlines attempting to comply with the deadline to grant Independent Air an exemption. The FAA also found that delay in the availability of "hush kits"[2] was not a valid reason for granting an exemption because hush kit technology had been available for more than ten years. With respect to the financial burden entailed in complying with noise level standards, the FAA stated that it saw no reasonable way to distinguish Independent Air's burden from that of other operators who had expended the sums necessary to comply with the regulation.[3]

---

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. For a thorough discussion of the legislation and regulations enacted to combat the problem of aircraft noise, see *Airmark Corp. v. Federal Aviation Administration,* 758 F.2d 685, 687–88 (D.C.Cir.1985).

2. A hush kit is used to retrofit engine nacelles and fan ducts with sound absorbing materials so as to insulate engine noise.

3. *Independent Air, Inc.,* FAA Docket No. 23982 (June 22, 1984).

■ Independent Air petitioned for reconsideration of the denial of the exemption on July 12, 1984. It represented that it was willing to withdraw the Boeing 720s from the exemption request and to operate the Boeing 707s only during certain hours. In support of the petition, Independent Air proffered evidence of its expanded operating authority and a December 4, 1984 contract for the purchase of a hush kit. When the FAA failed to act, Independent Air filed a petition for mandamus in the United States District Court for the Northern District of Georgia on November 15, 1984 seeking to compel a decision on its petition for reconsideration. The FAA denied the reconsideration petition on December 7, 1984. On December 17, 1984, the district court dismissed the mandamus action. Independent Air filed a petition for judicial review of the denial on December 20, 1984.[4] This court granted a stay of enforcement of the deadline pending resolution of this appeal.[5]

■ In 1979, Congress enacted the Aviation Safety and Noise Abatement Act (ASNA), Pub.L. No. 96–193, 94 Stat. 50 (1980) (codified in scattered sections of 49 U.S.C.). The Conference Committee Report accompanying ASNA urged the FAA, in evaluating compliance with the noise level standards,

> to give consideration to hardship situations involving smaller carriers where the carrier is making a good faith compliance effort but needed technology is either delayed or unavailable and rigid adherence to compliance deadlines could

work financial havoc and deprive the public of valuable airline service.

H.R.Rep. No. 715, 96th Cong., 1st Sess. 23, *reprinted in* 1980 U.S.Code Cong. & Ad. News 89, 115, 124. The FAA has indicated that this language in the report provides the criteria for its evaluation of petitions for exemptions. 45 Fed.Reg. 79,312 (1980). Five factors are considered: (1) size of the carrier; (2) carrier making a good faith effort to comply; (3) needed technology is either delayed or unavailable; (4) financial havoc to carrier if the deadline is rigidly enforced; and, (5) loss of valuable airline service without the exemption.

■ Independent Air challenges as arbitrary and capricious the FAA's denial of its exemption petition.[6] It claims that the FAA failed to consider or inadequately considered many of the criteria and that it applied irrelevant factors. We agree. For example, in its June 22, 1984 denial of Independent Air's petition, the FAA stated that it would be unfair to compliant operators to grant the exemption. In *Airmark Corp. v. Federal Aviation Administration*, 758 F.2d 685 (D.C.Cir.1985), the Court of Appeals for the District of Columbia considered a challenge to a FAA order containing virtually identical language. The court found that in January, 1985, the FAA ignored this consideration in granting a petition for an exemption. *Id.* at 694. The court concluded that "the FAA [had] arbitrarily applied different decisional criteria to similarly situated carriers." *Id.* at 692. We find nothing in the record to distinguish this case from the facts in *Airmark.*

**4.** There is no jurisdictional bar to our review of the FAA's denial of Independent Air's petition for exemption. Unlike the petitioner in *Aeromar, C. Por A. v. Department of Transportation,* 767 F.2d 1491 (11th Cir.1985), Independent Air filed its petition seeking judicial review after the FAA denied its petition for reconsideration. Thus, there was a final agency action reviewable by this court.

**5.** On this appeal, we are only concerned with the denial of an exemption for one Boeing 707. Independent Air removed the Boeing 720s from operation upon receiving its expanded operating

authority and one of the Boeing 707s was returned for financial reasons.

**6.** In its brief, Independent Air contended that we should apply a substantial evidence standard in reviewing the FAA's order. Findings of fact made by the agency are reviewed under the substantial evidence criterion. 49 U.S.C. § 1486(e) (1982). We subject the agency's nonfactual analyses and conclusions to review under the arbitrary and capricious standard. *See Airmark,* 758 F.2d at 691. At oral argument, Independent Air indicated its acceptance of this principle.

The FAA's response to the decision in *Airmark* provides further support for our conclusion that the FAA acted arbitrarily and capriciously in applying its decisional criteria to Independent Air. Following that decision, the FAA provided its interpretation of the five ASNA factors used in assessing applications for exemptions. With respect to whether needed technology was delayed or unavailable, the FAA determined that this aspect was satisfied by all petitioners because the commercial availability of hush kits had been delayed until recently although the technology was available in 1973. *Lineas Aereas Del Caribe, S.A.*, FAA Docket No. 24028-2 (April 26, 1985). In denying Independent Air's petition, however, the FAA found that delay in the commercial availability of hush kits was not a ground for an exemption.

■ We conclude that the FAA acted arbitrarily and capriciously in denying Independent Air's petition for an exemption. Independent Air asks us to order the FAA to grant it an exemption until such time as a certified hush kit becomes available. It also seeks the aid of this court in furnishing guidance in applying the proper decisional criteria. As the court in *Airmark* stated, however, it is not the province of this court to determine whether the public interest is best served by granting or denying an exemption. 758 F.2d at 695. That is the responsibility of the agency. Furthermore, the FAA has specified the criteria that will be applied in *Lineas Aereas Del Caribe, S.A.* We only require that the FAA apply these factors in a consistent manner.

Accordingly, we VACATE the FAA's denial of Independent Air's exemption petition. Independent Air shall have thirty days from the date of this opinion to file a new petition. Upon the filing of the petition, the FAA shall have a reasonable time to determine whether the exemption should be granted or denied. The stay currently in effect shall remain in force and effect during this period and for ten days after the FAA's final order and disposition.